# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Erik Becerra,** | Civil No. 07-3414 (JMR/JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **John Doe, et al.,** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned on plaintiff Erik Becerra's motions for a temporary restraining order (Doc. No. 65) and to enforce a preliminary injunction (Doc. No. 87). These motions are referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1.

Mr. Becerra, a prisoner at the Minnesota state prison in Oak Park Heights, is representing himself in this litigation. He alleges that prison officials are inhibiting his efforts to pursue this litigation with retaliatory discipline; by denying him office supplies; by limiting his access to his legal papers; and by opening and delaying his legal mail. He accordingly asks for an order that enjoins prison officials from such conduct.

In his motion papers, Mr. Becerra generally requests a temporary restraining order, or in the alternative, a preliminary injunction. As a practical matter, once adverse parties have notice and an opportunity to oppose a temporary restraining order, the matter is appropriately treated as a motion for a preliminary injunction. *See* Fed. R. Civ. P. 65(a); *Onan Corp. v. United States*, 476 F.Supp. 428, 433 n. 1 (D.Minn. 1979).

Though Mr. Becerra raises serious issues about prison officials' misconduct, the purpose of a preliminary injunction is to protect a plaintiff from the harm alleged in the complaint. Thus if other injuries occur during litigation, but those injuries are not related to the conduct alleged in the complaint, a plaintiff cannot obtain a preliminary injunction against that conduct. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

Because this litigation arises out of purported police misconduct in August 2005, and is entirely unrelated to prison officials' conduct, Mr. Becerra cannot obtain a preliminary injunction here. Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Mr. Becerra's motion for a preliminary injunction (Doc. No. 65) and to enforce a preliminary injunction (Doc. No. 87) be **DENIED.**

Dated this 6th day of October, 2008.        s/ *Jeanne J. Graham*

JEANNE J. GRAHAM
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **October 20, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.